# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEEN NIFAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1486 |
| | ) | Judge Conti |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| BRIAN V. COLEMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Rasheen Nifas ("Plaintiff") currently is an inmate incarcerated at the State Correctional Institution at Fayette, Pennsylvania ("SCI-Fayette"). Plaintiff brings this lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq*. In his complaint (Doc. 3), Plaintiff alleges violations of his rights under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States perpetrated by a litany of Defendants. Id. at 1-2. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on November 8, 2010 (Doc. 2).

This order addresses three of Plaintiff's pending motions. This first is Plaintiff's motion to file an amended complaint. (Doc. 10). Federal Rule of Civil Procedure 15(a)(1)(A) allows a Plaintiff to amend his complaint once as a matter of course within 21 days of service. Because the complaint has not yet been served, this motion will be granted.

The second motion to be addressed is Plaintiff's Motion for Leave to File a Reduction of Copies for Complaint (Doc. 4). Citing his poverty, and apparent concerns regarding the running

of the statute of limitations on some of his claims on November 28, 2010,[1] Plaintiff seeks leave from this Court to limit the number of copies of the complaint that he must submit.[2]

Rule 4(c) of the Federal Rules of Civil Procedure requires that a defendant must be served a copy of the complaint. Indeed, constitutionally sufficient service – which requires informing defendants of the causes of actions against them – is necessary in order for a federal court to acquire *in personam* jurisdiction over an individual or entity. See, e.g., Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1991). The Federal Rules of Civil Procedure explicitly list "insufficient process" and "insufficient service of process" as defenses to a cause of action. See Fed.R.Civ.P. 12(b)(4) – (5).

Failure by Plaintiff to provide services copies of his complaint for all Defendants would require this Court to dismiss his claims against any Defendants that were not properly served. Additionally, it is impermissible for the Court to make service copies of the complaint itself. See, e.g., Tabron v. Grace, 6 F.3d 147, 159-60 (3d Cir. 1993) (holding that even plaintiffs proceeding IFP are required to bear the costs of their own litigation – at least initially). It was Plaintiff's choice to file a lengthy complaint against a host of Defendants, and this Court notes that indigent inmates are granted ten dollars of free postage per month.
DC-ADM 803 § 1.C.2.a.1. This motion therefore will be denied.

Finally, Plaintiff filed a motion, (Doc. 11), seeking an order on a prior report and recommendation issued by this Court, (Doc. 7), recommending dismissal of this civil action due

---

[1] Presuming that Plaintiff's claims were timely-filed on the date the complaint was submitted to this Court, Plaintiff need not fear the running of the statute of limitations on those claims prior to service of the complaint on the Defendants. A civil action is commenced upon the filing of the complaint with the court. See Fed.R.Civ.P. 3

[2] Plaintiff presumably refers to copies of the complaint necessary for service on Defendants.

to Plaintiff's failure to prosecute. That report has been terminated. Thus, this motion will be denied as moot.

AND NOW, this 6th day of April, 2011,

IT IS HEREBY ORDERED that the Plaintiffs' motion to file an amended complaint (Doc. 10) is GRANTED. The clerk's office is directed to file the amended complaint attached to said motion.

IT IS FUTHER ORDERED that Plaintiff's Motion for Leave to File a Reduction of Copies for Complaint (Doc. 4) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion Pursuant to Fed.R.Civ.P. Rule 72(a)(b) (Doc. 11) is DENIED as MOOT.

IT IS FURTHER ORDERED that the parties are allowed until April 20, 2011, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**RASHEEN NIFAS**
CA-4950
S.C.I. Fayette
P.O. Box 9999
LaBelle, PA 15450