IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RASHEEN NIFAS,  )
       Plaintiff,  )  Civil Action No. 10-1486
       )  Judge Conti
   v.  )  Magistrate Judge Bissoon
       )
BRIAN V. COLEMAN, *et al.*,  )
       Defendants.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the following reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunctive relief, (Doc. 5), be denied.

### II. REPORT

Plaintiff Rasheen Nifas ("Plaintiff") currently is an inmate incarcerated at the State Correctional Institution at Fayette, Pennsylvania ("SCI-Fayette"). Plaintiff brings this lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq*. In his amended complaint (Doc. 14), Plaintiff alleges violations of his rights under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States perpetrated by a litany of Defendants. Id. at 1-2. This lawsuit was initiated by the receipt of the initial complaint on November 5, 2010. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on November 8, 2010 (Doc. 2).

Currently before this Court is Plaintiff's motion for preliminary injunction (Doc. 5), and brief in support thereof (Doc. 6). In this motion, Plaintiff asks this Court to require that: (1)

1

incoming mail is secured under lock and key; (2) all legal mail is held in a separate bag under lock and key; (3) only one individual be authorized to issue legal mail to inmates; and (4) said responsible individual may not "read, copy, or hold any of Plaintiff's incoming mail, request slips, or legal mail." (Doc. 5) at 1-2.  It appears that this motion is related to two alleged incidents described in the amended complaint.  The first occurred on or about September 17, 2009.  Plaintiff alleges that Defendant Knizer:

> would constantly open Plaintiff's legal mail read [sic] and/or copy it, then write on the back of the envelope with a red ink pen, claiming that it were [sic] received like that.  [Defendant] Knizer would hold Plaintiff's incoming mail for days and/or weeks after it was sent from the mail room, in retaliation as a deterrence to [sic] stymied Plaintiff's litigation.

(Doc. 14) ¶ 47.  The second involves allegations that, on or about March 2, 2010, Defendants allowed an unnamed inmate to "go into the mail bag and read [a] grievance against him and throw Plaintiff's mail away in retaliation."  Id. ¶ 53.

A. Analysis

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'" AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir.1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir.1988)).  A party seeking a preliminary injunction must show: "'(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'"  Ball v. Beard, 396 F.App'x 826, 827 (3d Cir. 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)).

2

Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted). "In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm." Id. at 90-91.

In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider when determining whether a plaintiff has alleged a viable claim of denial of the right to access to the courts. Specifically, the Supreme Court held that a party must identify all of the following in the complaint: (1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415.

The Court explained that the first requirement mandated that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. Christopher, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that "the 'arguable' nature of the underlying claim is more than hope." Id. The second requirement mandates that a plaintiff must allege clearly in the complaint the official acts that frustrated the underlying litigation. Third, a plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. Id. at 414. This final requirement is important in order "to hedge against the risk that an access claim be tried all the way through, only to find that the court can award no remedy that the plaintiff could not have been awarded on a presently existing claim." Id. at 416.

Plaintiff has failed to plead any sort of facts regarding his "stymied litigation" that would allow this Court to determine whether it possessed any merit whatsoever. He also has not indicated how Defendants' alleged interference with his mail precluded him from prosecuting his case, nor what remedy, if any, would be unavailable in future litigation. Plaintiff's access to the courts claims with respect to his mail clearly are deficient under Christopher.

Second, to the extent that Plaintiff bases his motion for preliminary injunction on the alleged interference with the filing of a grievance by an unnamed inmate, see (Doc. 14) ¶ 53, prisoners do not have a constitutional right to prison grievance procedures. See, e.g., Heleva v. Kramer, 214 F.App'x 244, 247 (3d Cir. 2007) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)). At worst, any interference with a grievance filed by Plaintiff would abrogate the need to exhaust administrative remedies with respect to the underlying claim. As such, Plaintiff has not demonstrated the necessary likelihood of success on the merits of his mail claims that would be necessary for the grant of a preliminary injunction.

Finally, the undersigned notes that Plaintiff has suffered no discernable impediment in filing several documents with this Court that post-date his motion for preliminary injunction. Most notably, this Court has received an amended complaint, (Doc. 14), objections to several orders (Docs. 17, 20, 22, and 25), and service copies of the lengthy amended complaint for each of the 27 Defendants named in this case. Furthermore, according to the pleadings, the events of which Plaintiff complains occurred, at the latest, on March 1, 2010 – approximately eight months prior to the filing of the initial compliant (Doc. 3), and more than a year prior to the filing of the amended complaint (Doc. 14). As such, Plaintiff has failed to demonstrate any sort of immediate, irreparable harm stemming from the treatment of his mail at SCI-Fayette.

### III. CONCLUSION

For all of the reasons stated above, it is respectfully recommended that Plaintiff's motion for preliminary injunctive relief, (Doc. 5), be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by September 6, 2011. Failure to file objections will waive the right to appeal. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

August 22, 2011                                s/Cathy Bissoon
                                               CATHY BISSOON
                                               UNITED STATES MAGISTRATE JUDGE


**cc:**

**RASHEEN NIFAS**
CA-4950
S.C.I. Fayette
P.O. Box 9999
LaBelle, PA 15450