IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEEN NIFAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1486 |
| | ) | |
| v. | ) | District Judge Joy Flowers Conti |
| | ) | |
| BRIAN V. COLEMAN, Superintendent; ET AL., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

The above captioned case was initiated on November 5, 2010 by the filing of a motion to proceed *in forma pauperis* and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

Plaintiff Rasheen Nifas ("Plaintiff") is an inmate incarcerated at the State Correctional Institution at Greensburg, Pennsylvania. He brings this lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 wherein he alleges violations of his rights under the First, Eighth, and Fourteenth Amendments of the Constitution of the United States. On August 26, 2011, defendants filed a partial motion to dismiss Plaintiff's Amended Complaint (ECF No. 57) to which Plaintiff filed a response on September 30, 2011 (ECF No. 64).

On February 9, 2012, the magistrate judge filed a report and recommendation (ECF No. 71) recommending that defendants' partial motion to dismiss (ECF No. 57) be granted in part and denied in part. Specifically, she recommended that defendants' partial motion to dismiss be granted, and the Amended Complaint dismissed, except as to plaintiff's claims in count 2 of the Amended Complaint against defendants Coleman, Berrier, Zaken, Manchas, Hooper, D. Varner, Rymarowicz, Clark, Williams, Knizner, Barkley, Castello, Eicher and DiCio; all other

1

defendants should be terminated from this action. Plaintiff filed objections to the Report and Recommendation on February 22, 2012 (ECF No. 73). For the following reasons, plaintiff's objections do not undermine the recommendation of the magistrate judge.

Specifically, Plaintiff objects that the court cited to his previous civil rights cases and alleges that this shows bias. The report merely cited to these cases for factual background information and such decisions had no impact on legal reasoning set forth in the report. Next, Plaintiff objects that he is not suing the Commonwealth of Pennsylvania or the Pennsylvania Department of Corrections. Plaintiff's Amended Complaint clearly states that he is asserting liability against Defendants in their official and individual capacities. A suit against a state government official in his official capacity is really a suit against the state. Thus, this objection is without merit.

Next Plaintiff objects to the court's statement of the law regarding liability under 42 U.S.C. § 1983. Specifically, he claims that he is not asserting liability against any defendant based on *respondeat superior*. As the court merely was stating the applicable law, this objection is without merit. Next, Plaintiff objects to the report's conclusion that Plaintiff failed to state a retaliation claim and lists the many grievances he has filed, all of which were reviewed by the court in its disposition of the motions to dismiss (ECF No. 70). Plaintiff raises no new arguments regarding his retaliation claim, other than those that he presented in his response to the motion to dismiss. Moreover, the thorough and lengthy individual analyses of Plaintiff's ten separate retaliation claims set forth in the report is supported by the applicable law. As such, his objections in this respect are without merit.

Next, Plaintiff argues that defendants "waived" any issues not raised in their brief by not specifically addressing each and every one of Plaintiff's retaliation claims. This court has

...

authority to dismiss claims in accordance with the screening provisions promulgated in the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A and 28 U.S.C. § 1997e(e), for failure to state a claim upon which relief can be granted.  Thus, to the extent that defendants did not specifically address Plaintiff's retaliation claims, those claims can be assumed to have been included in defendants' discussion of Plaintiff's retaliation claims and the report's analyses of those claims was correctly decided.  To the extent that any claims were inadvertently omitted by defendants, the court can dismiss such claims in accordance with its screening obligations set forth above.  Thus, this objection is without merit.

Next Plaintiff objects that the report did not name specific defendants with respect to its discussion concerning Plaintiff's due process claims.  There is no requirement to name specific defendants that were alleged to have violated Plaintiff's due process rights.  The report specifically identified the defendants who will remain in this action:  defendants Coleman, Berrier, Zaken, Manchas, Hooper, D. Varner, Rymarowicz, Clark, Williams, Knizner, Barkley, Castello, Eicher and DiCio as to only count 2 of the Amended Complaint.  Again, this objection is without merit.  Moreover, the report's conclusion that Plaintiff's due process rights had not been violated is overwhelmingly supported by controlling law.  Plaintiff had no liberty interest.  Therefore, he had no right to due process.  Plaintiff's objections cite wholly irrelevant law that simply has no applicability to the appropriate legal standards that apply to his claims and are all without merit.

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation, and the objections thereto, the following order is entered:

**AND NOW**, this 5th day of March, 2012;

**IT IS HEREBY ORDERED** that defendants' partial motion to dismiss (ECF No. 57) is **GRANTED IN PART AND DENIED IN PART**. Specifically, defendants' partial motion to dismiss is **GRANTED**, and the Amended Complaint is **DISMISSED**, **EXCEPT** as to plaintiff's claims in count 2 of the Amended Complaint against defendants Coleman, Berrier, Zaken, Manchas, Hooper, D. Varner, Rymarowicz, Clark, Williams, Knizner, Barkley, Castello, Eicher and DiCio in their individual capacities; **ALL OTHER DEFENDANTS ARE TERMINATED FROM THIS ACTION**.

**IT IS FURTHER ORDERED** that the report and recommendation (ECF No. 71), as supplemented by this order, is adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that this matter is remanded back to the magistrate judge for all further pretrial proceedings.

By the Court:

**/s/ Joy Flowers Conti**
Joy Flowers Conti
United States District Judge

Rasheen Nifas
SCI-Greensburg
CA-4950
165 SCI Lane
Greensburg, PA 15601